IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01693-MSK-KLM

CHRISTINA ANN FOURHORN,
MUSE JAMA,
JOSE ERNESTO IBARRA,
DENNIS MICHAEL SMITH, and
SAMUAL POWELL MOORE,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
MARK DALVIT, a detective with the Denver Police Department, in his individual capacity,
CURT PETERSON, an officer with the Denver Police Department, in his individual capacity,
JOHN BISHOP, an officer with the Denver Police Department, in his individual capacity,
C.A.M., whose true name is unknown, a law enforcement officer working for the City and County of Denver, in his or her individual capacity,
CHOICE JOHNSON, an officer with the Denver Police Department, in his individual capacity,
ANDREW RICHMOND, an officer with the Denver Police Department, in his individual capacity, and
PAUL ORTEGA, a sergeant with the Denver Sheriff Department, in his individual capacity,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Vacate Scheduling Conference, for Extension of Time to Respond to Complaint, and to Stay Discovery, Based on Defendants' Motion to Sever Parties and Claims Pursuant to Fed. R. Civ. P. 21** [Docket No. 20; Filed September 23, 2008] (the "Motion"). As the title of the Motion suggests, Defendants seek three forms of relief: (1) to vacate the Scheduling Conference currently set for October 2, 2008 at 9:30 a.m.; (2) to extend, for a second time, the deadline

for Defendants to respond to the current complaint; and (3) to stay the case pending the District Court's determination of the pending motion to sever filed by Defendants [Docket No. 19]. Plaintiffs filed a partial response in opposition to the Motion [Docket No. 24], and Defendants filed a reply [Docket No. 25]. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**.

Defendants first seek to vacate the Scheduling Conference until resolution of the pending motion to sever. They claim that until resolution of that motion, proceeding with the Scheduling Conference is not warranted. The Court disagrees. Although the motion to sever may be granted in the future, no prejudice will result to Defendants from attending the Scheduling Conference. Indeed, this conference may create a blueprint for future scheduling conferences to be held if the Plaintiffs' claims are eventually severed. Moreover, the fact that the parties may begin to take discovery following the conference does not prompt a different result, given that such discovery is likely to be necessary in the separate cases, if any, as well. *See* Fed. R. Civ. P. 26(d). Arguably, one deposition of each defense witness with knowledge or information relating to Plaintiffs' claims is more efficient, less burdensome and less costly for all parties than five separate depositions of such witnesses. Accordingly,

IT IS FURTHER **ORDERED** that to the extent that Defendants seek to vacate the Scheduling Conference set for October 2, 2008, the Motion is **DENIED**.

In addition, Defendants have failed to provide good cause for indefinitely extending the deadline to file their answer or to otherwise respond to Plaintiffs' complaint. Regardless

2

of whether Plaintiffs' claims are ultimately severed, Defendants must, of course, respond and assert legal defenses to Plaintiffs' claims. *See* Fed. R. Civ. P. 12(a). Defendants' deadline to respond was September 23, 2008. Considering that Defendants' deadline has now expired, the Court finds that a brief extension is justified. Accordingly,

IT IS FURTHER **ORDERED** that to the extent that Defendants seek a second extension of time to respond to Plaintiffs' complaint, the Motion is **GRANTED**. Defendants shall answer or otherwise respond to Plaintiff's complaint no later than **October 10, 2008**.

IT IS FURTHER **ORDERED** that to the extent that Defendants seek a stay of the case pending the District Court's determination on the pending motion to sever, the Motion is **DENIED**. The Court finds that the balance of the factors to be considered regarding entry of a stay weighs in favor of Plaintiffs.

Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision). However, a stay may be appropriate in certain circumstances, and the Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test). Here, those factors weigh against entry of a stay.

The Court first balances Plaintiffs' interest in proceeding expeditiously with their case against the burden on Defendants of going forward. There can be no doubt that Plaintiffs have an interest in proceeding with their case without delay. With the passage of time, the memories of the parties and other witnesses may fade, and witnesses may relocate or

become unavailable. As such, delay may diminish the Plaintiffs' ability to proceed. On the other hand, Defendants argue that the burden on them in going forward outweighs Plaintiffs' interest in proceeding, because Defendants have a motion to sever pending. *Motion* [#20] at 2. First, Defendants' position necessarily depends on the merits of its pending motion to sever. That motion has not been referred to this judicial officer. Accordingly, the Court will not opine regarding its merits. However, the Court notes that based on the parties' arguments, resolution of the motion to sever in Defendants' favor is not guaranteed.

Second, the Court notes that while a stay may be warranted when a party has asserted potentially dispositive issues, 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994), the motion to sever does not raise arguments that would dispose of Plaintiffs' claims. Defendants do not assert a lack of jurisdiction or the presence of immunity which could lead to a finding that Defendants would be unduly prejudiced if a stay were not granted. Third, the Court notes that Defendants have failed to substantiate their alleged financial or other burden in proceeding with discovery in the case as currently postured. As noted above, Defendants' burden in going forward in one lawsuit is not manifestly greater than if the case is somehow severed in the future. Indeed, the Court notes that Defendants' discovery burden would likely either increase or remain the same, rather than decrease, if Plaintiffs' cases were severed because there would be no reason to combine discovery requests or handle issues across parties or defenses. Accordingly, the Court finds that Plaintiffs' interest in proceeding expeditiously with their case is not outweighed by any prejudice asserted by Defendants.

The Court is not persuaded that mere joinder of all Plaintiffs in one action necessarily permits them to pursue a theme regarding alleged "mistaken identity" arrests that would

4

otherwise not be available to them. *Reply* [#25] at 3-4. To the extent that Plaintiffs contend that they were harmed by their arrests and as a result are entitled to legal remedies, their "theme" regarding why or how such arrests occurred could be pursued whether they filed a single case or several separate cases. Manifestly, each Plaintiff could likewise pursue a "mistaken identity" arrest theme if he or she filed a separate case. Moreover, the Court is also not persuaded that the mere joinder of all Plaintiffs in one action necessarily inflates discovery to impermissible or unmanageable levels. Although the *amount* of discovery is necessarily greater in a multi-plaintiff case than in a single-plaintiff case, the *type* of discovery permitted in any case, whether filed by a single plaintiff or multiple plaintiffs, is dictated by the pleadings, the applicable rules of civil procedure and applicable case authority. The permissibility of discovery on Plaintiffs' theme, therefore, is not impacted by the filing of a single, multi-plaintiff case. Nor does the breadth and depth of permissible discovery necessarily expand in a multi-plaintiff case; in such a case, all permissible discovery is simply consolidated into the framework of a single civil action. The key legal issues regarding discovery are the same regardless of the number of parties in a case. Although the number of interrogatories, documents and depositions may be higher in one multi-plaintiff case than if that discovery were spread among several single-plaintiff cases, discovery volume is not a significant enough factor to warrant bringing the litigation to a halt, even temporarily.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompts the Court to reach a different result. The Court is inconvenienced by an ill-advised stay regardless of whether the case is eventually severed, because the delay in prosecuting the case which results from

5

imposition of a stay makes the Court's docket less predictable and, hence, less manageable. The Court will discuss prompt scheduling of joint or separate settlement conferences, as the parties prefer, at the Scheduling Conference. Further, the Court identifies no particular interest of persons not parties in the litigation. By contrast, the Court identifies two strong interests held by the public in general regarding (1) the prompt and efficient handling of all litigation and (2) the prompt resolution of the issues and claims which underlie this action in particular. Under these circumstances, the Court finds that a stay of Plaintiffs' case is not warranted.

Dated:  September 30, 2008

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix