# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01693-MSK-KLM

**CHRISTINA ANN FOURHORN,**
**MUSE JAMA,**
**JOSE ERNESTO IBARRA,**
**DENNIS MICHAEL SMITH,**
**SAMUEL POWELL MOORE,**

      Plaintiffs,

v.

**CITY AND COUNTY OF DENVER;**
**MARK DALVIT**, a detective with the Denver Police Department, in his individual capacity;
**CURT PETERSON**, an officer with the Denver Police Department, in his individual capacity;
**JOHN BISHOP**, an officer with the Denver Police Department, in his individual capacity;
**C.A.M.**, whose true name is unknown, a law enforcement officer working for the City and
      County of Denver, in his or her individual capacity;
**CHOICE JOHNSON,** an officer with the Denver Police Department, in his individual capacity;
**ANDREW RICHMOND**, an officer with the Denver Police Department, in his individual
      capacity;
**PAUL ORTEGA**, a sergeant with the Denver Sheriff Department, in his individual capacity;

      Defendants.

---

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND

---

      Defendants, City and County of Denver, Mark Dalvit, Kurt Peterson, John Bishop,

Choice Johnson, Andrew Richmond and Paul Ortega, by and through their undersigned legal

counsel, hereby answer Plaintiffs' Complaint and Jury Demand as follows:

      1.      Defendants object to Plaintiffs' misjoinder in this action and to the fundamental

unfairness in proceeding in this action under such misjoinder.  Defendants more fully explain

their position in DEFENDANTS' MOTION TO SEVER PARTIES AND CLAIMS

PURSUANT TO FED.R.CIV.P. 20 AND FED.R.CIV.P. 21 [Doc. 19] and DEFENDANTS'

MOTION TO VACATE SCHEDULING CONFERENCE, FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT, AND TO STAY DISCOVERY, BASED ON THE DEFENDANTS' MOTION TO SEVER PARTIES AND CLAIMS PURSUANT TO FED.R.CIV.P. 20 AND FED.R.CIV.P. 21 [Doc. 20].

2.      As to paragraph 1 of the Complaint, the United States Constitution and interpreting case law govern Fourth Amendment Constitutional rights and responsibilities.  The case of *Beard v. City of Northglenn*, 24 F.3d 110 (10th Cir. 1994) contains an analysis of the appropriate standards.

3.      Defendants deny the allegations in paragraphs 2 and 3 of Plaintiffs' Complaint and Jury Demand.

4.      Defendants deny the allegations in the first and second sentences of paragraph 4 of Plaintiffs' Complaint and Jury Demand and are without knowledge of the remaining allegations and therefore deny the remaining allegations in said paragraph.

5.      Defendants deny the allegations in paragraphs 5 and 6 of Plaintiffs' Complaint and Jury Demand.

6.      Defendants admit the allegations in paragraph 7 of Plaintiffs' Complaint and Jury Demand that the Court has jurisdiction.  Defendants deny the remaining allegations in said paragraph.

7.      Defendants admit the allegations in paragraph 8 of Plaintiffs' Complaint and Jury Demand that venue is proper.  Defendants deny the remaining allegations in said paragraph.

8.      Defendants admit the allegations in paragraph 9 of Plaintiffs' Complaint and Jury Demand that Plaintiff FourHorn was arrested in March 2007, under a warrant obtained by Defendant Dalvit, and that Plaintiff now sues Defendants Dalvit and the City and County.

Defendants are without knowledge as to whether Plaintiff FourHorn's residence and citizenship venue are proper.  Defendants deny the remaining allegations in said paragraph.

9.      Defendants admit the allegations in paragraph 10 of Plaintiffs' Complaint and Jury Demand that Plaintiff Jama was arrested in September 2007, and that Plaintiff Jama now sues Defendants Bishop, Peterson and the City and County.  Defendants are without knowledge as to whether Plaintiff Jama's residence and citizenship venue are proper.  Defendants deny the remaining allegations in said paragraph.

10.     Defendants admit the allegations in paragraph 11 of Plaintiffs' Complaint and Jury Demand that Plaintiff Ibarra was arrested in June 2007, and that Plaintiff Ibarra now sues Defendant the City and County, and names C.A.M. in the lawsuit.  Defendants are without knowledge as to whether Plaintiff Ibarra's residence and citizenship venue are proper.  Defendants deny the remaining allegations in said paragraph.

11.     Defendants admit the allegations in paragraph 12 of Plaintiffs' Complaint and Jury Demand that Plaintiff Smith was arrested in January 2008, and that Plaintiff Smith now sues Defendants Ortega and the City and County.  Defendants are without knowledge as to whether Plaintiff Smith's residence and citizenship venue are proper.  Defendants deny the remaining allegations in said paragraph.

12.     Defendants admit the allegations in paragraph 13 of Plaintiffs' Complaint and Jury Demand that Plaintiff Moore was arrested in November 2007, and that Plaintiff Moore now sues Defendants Richmond, Johnson and the City and County.  Defendants are without knowledge as to whether Plaintiff Moore's residence and citizenship venue are proper.  Defendants deny the remaining allegations in said paragraph.

13.     Defendants admit the allegations in paragraphs 14 and 15 of Plaintiffs' Complaint and Jury Demand except they deny the allegation of agency in paragraph 14.

14.     Defendants admit the allegations in paragraphs 16 and 17 of Plaintiffs' Complaint and Jury Demand that Defendants Peterson and Bishop are being sued in their individual capacity, but deny that their rank is stated correctly.

15.     Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 18 of Plaintiffs' Complaint and Jury Demand, and therefore deny the same.  Defendant C.A.M. has not been served in this action.

16.     Defendants admit the allegations in paragraphs 19, 20 and 21 of Plaintiffs' Complaint and Jury Demand.

17.     Defendants admit the allegations in paragraph 22 of Plaintiffs' Complaint and Jury Demand that Defendants acted under color of state law.  Defendants deny the remaining allegations in said paragraph.

18.     Defendants admit the allegations in paragraph 23 of Plaintiffs' Complaint and Jury Demand that Plaintiff FourHorn was arrested in March 2007, and spent approximately five days in Sterling and Denver jails, but denies she was arrested without probable cause. Defendants are without knowledge as to the remaining allegations in said paragraph, and therefore deny the same.

19.     Defendants admit the allegations in paragraph 24 of Plaintiffs' Complaint and Jury Demand that in March 2006 the Denver Police Department investigated a robbery that occurred at a Denver apartment complex.  Defendants are without knowledge as to the remaining allegations in said paragraph, and therefore deny the same.

20.     Defendants admit the allegations in paragraph 25 of Plaintiffs' Complaint and Jury Demand except that name of the assailant was either Christina or Christin Fourhorn.

21.     Defendants admit the allegations in paragraph 26 of Plaintiffs' Complaint and Jury Demand that the Denver police interviewed three eyewitnesses including two whom the police regarded as accomplices, but deny they were interviewed before their arrest.

22.     Defendants admit the allegations in paragraph 27 of Plaintiffs' Complaint and Jury Demand except that the assailant said she wanted the money to get back to Oklahoma.

23.     Defendants note that information from the victim indicated that the assailant had a birth date of April 14, 1980 and height and weight of 5'5" and 160 lbs.  Defendants admit the information in the remaining allegations of paragraph 28 of Plaintiffs' Complaint and Jury Demand is consistent with information provided to police.

24.     Defendants admit the allegations in paragraph 29 of Plaintiffs' Complaint and Jury Demand that Detective Dalvit was assigned to investigate the case and that he had knowledge of the information contained in paragraphs 20-23 above.  Defendants deny the remaining allegations of said paragraph.

25.     Defendants admit the allegations in paragraph 30 of Plaintiffs' Complaint and Jury Demand that Detective Dalvit obtained from Mr. Correra a photograph of the assailant. Defendants deny the remaining allegations of said paragraph.

26.     Defendants admit the allegations in paragraph 31 of Plaintiffs' Complaint and Jury Demand that Detective Dalvit searched law enforcement databases for names Christin and Christina Fourhorn.  Defendants deny the remaining allegations of said paragraph.

27.     Defendants admit the allegations in paragraph 32 of Plaintiffs' Complaint and Jury Demand that Plaintiff FourHorn's driver license information was found through the computer databases.  Defendants deny the remaining allegations of said paragraph.

28.     Defendants deny the allegations in paragraph 33 of Plaintiffs' Complaint and Jury Demand that the motor vehicle records clearly showed Plaintiff FourHorn was not the assailant. The Motor Vehicle Department photograph and the photograph from victim were similar.

29.     Defendants admit the allegations in paragraph 34 of Plaintiffs' Complaint and Jury Demand that Detective Dalvit believed the true date of birth of the assailant was November 24, 1973.

30.     Defendants admit the allegations in paragraph 35 of Plaintiffs' Complaint and Jury Demand.

31.      Defendants deny the allegations in paragraph 36 of Plaintiffs' Complaint and Jury Demand.   Detective Dalvit made subsequent attempts to contact witness Astin O'Dowd and did contact the witness.

32.     Defendants admit the allegations in paragraph 37 of Plaintiffs' Complaint and Jury Demand, except that Defendant was seeking a warrant for the arrest of the person who he believed committed the crime.

33.     Defendants deny the allegations in paragraph 38 of Plaintiffs' Complaint and Jury Demand.

34.      Defendants admit the allegations in paragraph 39, subsection a. of Plaintiffs' Complaint and Jury Demand, and the allegations of subsection b. that Defendant Dalvit did not call Plaintiff FourHorn.  Defendants are without knowledge as to the remaining allegations in

subsection b., and therefore deny the same.  Defendants deny the remaining allegations of said paragraph.

35.     Defendants are without knowledge as to the allegations in paragraph 40 subsection a. and subsection b. of Plaintiffs' Complaint and Jury Demand, and therefore deny the same.  Defendants deny the remaining allegations of said paragraph.

36.     Defendants deny the allegations in paragraph 41 of Plaintiffs' Complaint and Jury Demand.

37.     Defendants deny the allegations in paragraph 42 of Plaintiffs' Complaint and Jury Demand that Defendant Dalvit falsely stated that the suspect was Plaintiff FourHorn. Defendants admit the remaining allegations of said paragraph.

38.     Defendants deny the allegations in paragraph 43 of Plaintiffs' Complaint and Jury Demand.

39.     Defendants admit the allegations in paragraph 44 of Plaintiffs' Complaint and Jury Demand that Mr. Correra told Detective Dalvit that the assailant was born in 1980, not 1973, and that Mr. Correra had not provided assailant's middle name.  Defendants deny the remaining allegations of said paragraph.

40.     Defendants deny the allegations in paragraph 45 of Plaintiffs' Complaint and Jury Demand.  Detective Dalvit believed that Plaintiff FourHorn was the assailant.

41.     Defendants deny the allegations in paragraph 46 of Plaintiffs' Complaint and Jury Demand.  Detective Dalvit believed that Plaintiff FourHorn was the assailant.

42.     Defendants deny the allegations in paragraph 47 of Plaintiffs' Complaint and Jury Demand.  Detective Dalvit believed that both photographs were of the same person.

43.     Defendants admit the allegation in paragraph 48 of Plaintiffs' Complaint and Jury Demand that there was a seven year age difference, but deny material facts were omitted from affidavit.

44.      Defendants admit the allegations in paragraph 49 of Plaintiffs' Complaint and Jury Demand that there was a difference in the weights given by the victim and the Motor Vehicle Department information, but deny material facts were omitted from the affidavit. Weight estimates are merely approximations, and a person's weight can change over time.

45.     Defendants admit the allegations in paragraph 50 of Plaintiffs' Complaint and Jury Demand that the police investigation reports state that the suspect had a tattoo of her daughter on her upper left arm, but deny material facts were omitted from the affidavit. Defendants are without knowledge as to the remaining allegations in said paragraph, and therefore deny the same.

46.      Defendants admit the allegations in paragraph 51 of Plaintiffs' Complaint and Jury Demand that the police reports stated that the assailant said she wanted money to get back to Oklahoma, but deny material facts were omitted from the affidavit.  Defendants admit that Plaintiff FourHorn's address was in Sterling at the time of her arrest.

47.      Defendants admit the allegations in paragraph 52 of Plaintiffs' Complaint and Jury Demand that Defendant Dalvit obtained a Colorado driver's license photograph of Plaintiff FourHorn from the Department of Motor Vehicles.  Upon information and belief, Defendants admit Defendant Dalvit did not show this photograph to the victim or any of the witnesses, but deny material facts were omitted from the affidavit.

48.     Defendants deny the allegations in paragraph 53 of Plaintiffs' Complaint and Jury Demand.

49.      Defendants are without knowledge as to the allegations in paragraphs 54 and 55 of Plaintiffs' Complaint and Jury Demand, and therefore deny the same.

50.      Defendants deny the allegations in paragraph 56 of Plaintiffs' Complaint and Jury Demand that Plaintiff FourHorn was denied her right to a prompt judicial appearance during the four days she remained in the Logan County Jail.  The rule and statute referred to in said paragraph speak for themselves.

51.      Defendants are without knowledge as to the allegations in paragraph 57 of Plaintiffs' Complaint and Jury Demand, and therefore deny the same.

52.      Defendants admit the allegations in paragraph 58 of Plaintiffs' Complaint and Jury Demand that Sidney FourHorn called Sgt. Wheaton, but are not certain of the date of the call.  Defendants are without knowledge as to the remaining allegations of said paragraph, and therefore deny the same.

53.      Defendants admit the allegations in paragraph 59 of Plaintiffs' Complaint and Jury Demand that Sidney FourHorn said there was a mistake.  Defendants are without knowledge as to the remaining allegations of said paragraph, and therefore deny the same.

54.      Defendants are without knowledge of details of phone call referenced in paragraphs 60 and 61 of Plaintiffs' Complaint and Jury Demand , and therefore deny the same.

55.      Defendants admit the allegations in paragraph 62 of Plaintiffs' Complaint and Jury Demand that Plaintiff Fourhorn would have to be transported to Denver to appear before a judge in Denver.  Defendants deny Sgt. Wheaton refused Sidney Fourhorn's offers to obtain records.  Sidney FourHorn said "what if" he could obtain certain records.

56.     Defendants deny the allegations in paragraph 63 of Plaintiffs' Complaint and Jury Demand that Sgt. Wheaton knew there was a mistake.  Defendants deny the remaining allegations of said paragraph based on Plaintiffs' initial premise of knowing there was a mistake.

57.     Defendants admit the allegations in paragraphs 64 and 65 of Plaintiffs' Complaint and Jury Demand that the Plaintiff was transported to Denver, that Plaintiff said she was not guilty and that an interview was conducted by Detective Freund .

58.     Defendants are without knowledge of details of the interview referenced in paragraphs 66 and 67 of Plaintiffs' Complaint and Jury Demand.

59.     Defendants deny the allegations in paragraphs 68 and 69 of Plaintiffs' Complaint and Jury Demand.

60.     Defendants are without knowledge of all the details of the interview referenced in paragraph 70 of Plaintiffs' Complaint and Jury Demand.  Defendants do deny that Detective Freund said she didn't care whether Plaintiff was the assailant.  Defendants admit that Detective Freund said there were limitations on what she could discuss with a third party because of privacy considerations.

61.     Defendants deny the allegations in paragraph 71 of Plaintiffs' Complaint and Jury Demand.

62.     Defendants admit the allegations in paragraph 72 of Plaintiffs' Complaint and Jury Demand that Plaintiff Fourhorn was brought to court and Plaintiff posted bond.  Defendants are without knowledge of the remaining allegations of said paragraph, and therefore deny same.

63.     Defendants admit the allegations in paragraph 73 of Plaintiffs' Complaint and Jury Demand.

64.     Defendants admit the allegations in paragraph 74 of Plaintiffs' Complaint and Jury Demand that Plaintiff Fourhorn had to appear in court on March 30.  Defendants are without knowledge of the remaining allegations of said paragraph, and therefore deny same.

65.     Defendants admit the allegations in paragraph 75 of Plaintiffs' Complaint and Jury Demand only insofar as Detective Freund's acts as described in this Answer were pursuant to Denver Police Department practices and policies.

66.     Defendants are without knowledge of all the communications from Plaintiff FourHorn to various Denver entities and employees referenced in paragraph 76 of Plaintiffs' Complaint and Jury Demand.

67.     Defendants are without knowledge of all the documents the ACLU obtained and what the documents in ACLU's possession stated, as referenced in paragraph 77 of Plaintiffs' Complaint and Jury Demand.

69.     Defendants are without knowledge of newspaper stories or their accuracy as referenced in paragraph 78 of Plaintiffs' Complaint and Jury Demand.

70.     Defendants admit to the allegations in paragraph 79 of Plaintiffs' Complaint and Jury Demand that Plaintiff Jama was arrested at his home on an arrest warrant, and that his name appeared as an alias on information related to the arrest warrant, and that he was in custody for approximately eight days.  Defendants deny the remainder of the allegations in said paragraph.

71.     Defendants admit to the allegations in paragraph 80 of Plaintiffs' Complaint and Jury Demand that a person was arrested in March 2007 for auto theft at a rental car facility near DIA.  The identifying names of the person were many, including Ahmed Ali, Ahmed, Muse Jama, and Ahmed Mohamed, among others.  The Plaintiff Jama's birth date matched the warrant

information, although the years were four apart.  Defendants are without knowledge as to

remaining allegations in said paragraph, and therefore deny same.

72.    Defendants admit to the allegations in paragraph 81 of Plaintiffs' Complaint and

Jury Demand.

73.    Defendants admit to the allegations in paragraph 82 of Plaintiffs' Complaint and

Jury Demand that Defendants Peterson and Bishop were assigned to the DPD's "Fugitive Unit",

and that their duties included locating and arresting criminal suspects named in outstanding

warrants.  Defendants did arrest Plaintiff Jama at his home on September 21, 2007.  Defendants

deny the remaining allegations of said paragraph.

74.    Defendants admit to the allegations in the first sentence of paragraph 83 of

Plaintiffs' Complaint and Jury Demand, and admit that identification was provided.

75.     Defendants deny the allegations in the first sentence and are without knowledge

as to the remaining allegations in paragraph 84 of Plaintiffs' Complaint and Jury Demand, and

therefore deny the same.

76.    Defendants deny the allegations in paragraph 85 of Plaintiffs' Complaint and Jury

Demand that Plaintiff Jama insisted there must be a mistake.  Defendants admit to the allegations

in said paragraph that they arrested Plaintiff Jama and took custody of his identification.

77.    Defendants deny the allegations in paragraphs 86, 87, 88 and 89 of Plaintiffs'

Complaint and Jury Demand.

78.    Defendants admit to the allegations in paragraph 90 of Plaintiffs' Complaint and

Jury Demand that Plaintiff Jama was fingerprinted and that his property was held and

inventoried.  Defendants are without knowledge as to the allegations that Plaintiff Jama did not

know Ahmed Alia and had no connection with Mr. Alia's alleged crime, and therefore deny same.  Defendants deny the remaining allegations of said paragraph.

79.     Defendants admit to the allegations in paragraph 91 of Plaintiffs' Complaint and Jury Demand that Plaintiff Jama was booked into jail as Ahmed Alia on an arrest warrant. Defendants deny there was not probable cause.  Defendants are without knowledge as to the remaining allegations, and therefore deny same.

80.     Defendants are without knowledge as to the allegations in paragraph 92 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

81.     Defendants deny the allegations in paragraph 93 of Plaintiffs' Complaint and Jury Demand.

82.     Defendants are without knowledge as to the allegations in paragraph 94 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

83.     Defendants deny the allegations in paragraph 95 of Plaintiffs' Complaint and Jury Demand.  Plaintiff Jama posted bond on September 27, 2007, and was released on September 28, 2007.

84.     Defendants admit to the allegations in paragraph 96 of Plaintiffs' Complaint and Jury Demand that the check was issued to Plaintiff Jama with the name of Ahmed Alia. Defendants are without knowledge as to the remaining allegations of said paragraph, and therefore deny same.

85.     Defendants admit to the allegations in paragraph 97 of Plaintiffs' Complaint and Jury Demand that Plaintiff Jama was not brought before a judicial officer.  The rule and statute stated in said paragraph speak for themselves.  Defendants are without knowledge as to the remaining allegations of said paragraph, and therefore deny same.

86.     Defendants admit to the allegations in paragraph 98 of Plaintiffs' Complaint and Jury Demand that Plaintiff Jama appeared in court on October 9, 2007.   Defendants are without knowledge as to the remaining allegations of said paragraph, and therefore deny same.

87.     Defendants are without knowledge as to the allegations in paragraphs 99 and 100 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

88.     Defendants deny the allegations in paragraph 101 of Plaintiffs' Complaint and Jury Demand.

89.     Defendants are without knowledge as to the allegations in paragraph 102 of Plaintiffs' Complaint and Jury Demand of details of verbal discussions.  Defendants deny the remaining allegations in said paragraph.

90.     Defendants are without knowledge as to the allegations in paragraph 103 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

91.     Defendants deny the allegations in paragraph 104 of Plaintiffs' Complaint and Jury Demand.

92.     Defendants deny the allegations in paragraph 105 of Plaintiffs' Complaint and Jury Demand that Plaintiff Ibarra was arrested without probable cause, and deny that Plaintiff did not appear in court during his incarceration.  Defendants admit that Plaintiff was in jail for approximately 33 days.  Defendants deny remaining allegations of said paragraph.

93.     In response to paragraph 106 of Plaintiffs' Complaint and Jury Demand, Defendants state that Plaintiff Ibarra was arrested in June 2007 on outstanding warrants for failure to appear in court.  Plaintiff appeared in court on July 2, 2007, and worked out a plea agreement.  The Court sentenced him to time already served.

94.     Defendants admit the allegations in paragraph 107 of Plaintiffs' Complaint and Jury Demand that before release from jail there was probable cause to believe there were five more outstanding warrants for the Plaintiff Ibarra.  Defendants deny the remaining allegations of said paragraph.

95.     Defendants deny the allegations in paragraphs 108, 109 and 110 of Plaintiffs' Complaint and Jury Demand.

96.     Defendants are without knowledge as to the allegations in paragraph 111 of Plaintiffs' Complaint and Jury Demand of the details of the various communications described. Defendants deny the remaining allegations of said paragraph.

97.     Defendants deny the allegations in paragraph 112 of Plaintiffs' Complaint and Jury Demand.

98.     The rule and statute stated in paragraph 113 of Plaintiffs' Complaint and Jury Demand speak for themselves.  Defendants deny the remaining allegations of said paragraph.

99.     Defendants admit the allegations in paragraph 114 of Plaintiffs' Complaint and Jury Demand that Plaintiff Ibarra appeared in court on July 5, 2007.  Defendants are without knowledge as to the remaining allegations of said paragraph, and therefore deny same.

100.     Defendants are without knowledge as to the allegations in paragraphs 115 and 116 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

101.     Defendants admit the allegations in paragraph 117 of Plaintiffs' Complaint and Jury Demand that Plaintiff Ibarra was released on July 27, 2007.  Upon information and belief, Defendants admit that the fingerprint comparison was never done.  Defendants deny there was no probable cause to arrest.

102.     Defendants are without knowledge as to the allegations in paragraph 118 of Plaintiffs' Complaint and Jury Demand of the details of the various communications described.

103.     Defendants are without knowledge as to the allegations in paragraph 119, 120 and 12 of Plaintiffs' Complaint and Jury Demand of the details of that court proceeding.  Defendants are uncertain of the date of Plaintiff Ibarra's next court appearance.

104.     Defendants admit the allegations in paragraph 122 of Plaintiffs' Complaint and Jury Demand that Plaintiff Ibarra appeared in court on July 27, 2007.  Defendants are without knowledge of details of court proceeding.

105.     Defendants are without knowledge as to the allegations in paragraph 123, 124 and 125 of Plaintiffs' Complaint and Jury Demand of details of various verbal communications and the internal decision making process described.

106.     Defendants admit the allegation in paragraph 126 of Plaintiffs' Complaint and Jury Demand that court-related fines were paid.

107.     Defendants admit the allegations in paragraph 127 of Plaintiffs' Complaint and Jury Demand that Plaintiff Ibarra was released.  Defendants deny the remainder of the allegations in said paragraph.

108.     Defendants deny the allegations in paragraph 128 of Plaintiffs' Complaint and Jury Demand that Plaintiff Ibarra was not taken promptly to court.

109.     Defendants are without knowledge as to the allegations in the first sentence of paragraph 129 of Plaintiffs' Complaint and Jury Demand and therefore deny the same. Defendants admit the allegations in the second and third sentences of said paragraph.

110.     Defendants admit the allegations in paragraph 130 of Plaintiffs' Complaint and Jury Demand that Plaintiff Smith was arrested on an outstanding Weld County warrant for

Dennis Smith, and was taken into custody and transported to City Jail.  Defendants deny the remaining allegations of said paragraph.

111.    Defendants are without knowledge as to the allegations in paragraphs 131, 132 and 133 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

112.    In response to paragraphs 134 and 135 of Plaintiffs' Complaint and Jury Demand, the letter will speak for itself as to its contents.

113.    Defendants are without knowledge as to the allegations in paragraph 136 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

114.    Defendants admit the allegations in paragraphs 137, 138 and 139 of Plaintiffs' Complaint and Jury Demand.

115.    Defendants admit the allegations in paragraph 140 of Plaintiffs' Complaint and Jury Demand insofar as the warrant contained the name Dennis A. Smith and that there was probable cause at that time to arrest Plaintiff Dennis Smith on that warrant.

116.    Defendants deny the allegations in paragraph 141 of Plaintiffs' Complaint and Jury Demand.

117.    Defendants deny the allegations in paragraph 142 of Plaintiffs' Complaint and Jury Demand that there was such an explanation given at that time.  Defendants deny the remaining allegations of said paragraph.

118.    Defendants deny the allegations in paragraph 143 of Plaintiffs' Complaint and Jury Demand that Plaintiff Smith initially told Sgt. Ortega about a letter.  In any event, security reasons would have prevented Sheriff Department deputies or Plaintiff Smith from leaving the jail.  Defendants deny the remaining allegations of said paragraph.

119.    Defendants deny the allegations in paragraph 144 of Plaintiffs' Complaint and Jury Demand that the deputies could have obtained information from the database that stores the records of Colorado driver's licenses.  Defendants are without knowledge as to the remaining allegations of said paragraph, and therefore deny same.

120.    Defendants admit the allegations in paragraph 145 of Plaintiffs' Complaint and Jury Demand that Plaintiff Smith was arrested on the outstanding warrant.

121.    Defendants deny the allegations in paragraph 146 of Plaintiffs' Complaint and Jury Demand that there was no probable cause to arrest Plaintiff Smith, and deny the remaining allegations in said paragraph, except that the Defendants admit the fourth sentence of said paragraph.

122.    Defendants admit the allegations in paragraph 147 of Plaintiffs' Complaint and Jury Demand that Plaintiff Smith was taken to the City Jail, and that he was released within approximately 4 ½ hours.  Defendants are without knowledge of the details of the phone call and slip of paper.

123.    Defendants deny the allegations in paragraph 148 of Plaintiffs' Complaint and Jury Demand that there are inadequate safeguards in establishing probable cause before arrest. Internal Affairs investigations are conducted, as an example, when problem issues are discovered.

124.    Defendants are without knowledge as to the allegations in paragraph 149 of Plaintiffs' Complaint and Jury Demand as to all of various correspondence written by Plaintiff Smith, and therefore deny same.

125.     Defendants admit the allegations in paragraph 150 of Plaintiffs' Complaint and Jury Demand that the Denver Director of Corrections and Undersheriff did write a letter to Plaintiff Smith.  The letter speaks for itself.

126.     Defendants admit the allegations in paragraph 151 of Plaintiffs' Complaint and Jury Demand that Plaintiff Moore was arrested on November 13, 2007, by Denver police officers on an arrest warrant from Aurora, and spent approximately eight days in jail.  Defendants deny there was not probable cause for the arrest.  Defendants are without knowledge as to the remainder of the allegations including details of court appearance in Aurora.  Defendants deny the remaining allegations of said paragraph.

127.     Defendants are without knowledge as to the allegations in paragraphs 152, 153, 154 and 155 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

128.     Defendants deny the allegations in paragraph 156 of Plaintiffs' Complaint and Jury Demand that it was the first of four mistaken identity arrests of Plaintiff Moore.  Defendants admit that Plaintiff Moore was arrested in December 2002, on an Aurora arrest warrant.  Defendants are without knowledge as to the remaining allegations, and therefore deny same.

129.     Defendants admit the allegations in paragraph 157 of Plaintiffs' Complaint and Jury Demand that Plaintiff Moore was arrested in April 2003 on an Aurora warrant.  Defendants deny there was no probable cause to arrest.  Defendants are without knowledge as to the remaining allegations, and therefore deny same.

130.     Defendants admit the allegations in paragraph 158 of Plaintiffs' Complaint and Jury Demand that in June 2004 Plaintiff Moore was arrested.  The charge was possession of drug paraphernalia.  Defendants admit that the Aurora warrant was also applied to Plaintiff Moore.  Defendants are without knowledge as to the remaining allegations, and therefore deny same.

131.    Defendants are without knowledge as to the allegations in paragraphs 159, 160 and 161 of Plaintiffs' Complaint and Jury Demand and therefore deny same.

132.    Defendants admit the allegations in paragraphs 162 and 163 of Plaintiffs' Complaint and Jury Demand.

133.    Defendants are without knowledge as to the allegations in paragraph 164 of Plaintiffs' Complaint and Jury Demand and therefore deny same.

134.    Defendants admit the allegations in paragraph 165 of Plaintiffs' Complaint and Jury Demand that Plaintiff Moore told Defendants Johnson and Richmond that he was not the criminal suspect.  Defendants are without knowledge of the remaining allegations and therefore deny same.

135.    Defendants deny the allegations in paragraph 166 of Plaintiffs' Complaint and Jury Demand.

136.    Defendants admit the allegations in paragraph 167 of Plaintiffs' Complaint and Jury Demand that Plaintiff Moore's brother was Jerome Powell.

137.    Defendants admit the allegations in paragraph 168 of Plaintiffs' Complaint and Jury Demand that Officers Richmond and Johnson discussed an arrest and decided to proceed to arrest the Plaintiff Moore.  Defendants deny the remaining allegation of said paragraph.

138.    Defendants deny the allegations in paragraph 169 of Plaintiffs' Complaint and Jury Demand.

139.    Defendants are without knowledge as to the allegations in paragraph 170 of Plaintiffs' Complaint and Jury Demand as to details of verbal conversations and therefore deny the allegations in said paragraph, except that Defendants admit the first sentence of said paragraph.

140.     Defendants deny the allegations in paragraph 171 of Plaintiffs' Complaint and Jury Demand.

141.     Defendants are without knowledge as to the allegations in paragraph 172 of Plaintiffs' Complaint and Jury Demand as to the details of what a supervising officer reviewed. Defendants deny there was no probable cause to arrest, and deny the remaining allegations of said paragraph.

142.     Defendants admit the allegations in paragraphs 173, 174 and 175 of Plaintiffs' Complaint and Jury Demand that Plaintiff Moore was held at the City Jail.  Defendants are without knowledge about details of verbal conversations with deputies.  Defendants deny there was no probable cause to arrest the Plaintiff, and are without knowledge as to the remaining allegations and therefore deny the same.

143.     Defendants admit the allegations in paragraph 176 of Plaintiffs' Complaint and Jury Demand that Plaintiff Moore was not brought before a Denver judicial officer, and had to appear in Aurora before the Court that issued the warrant.  The rule and statute speak for themselves.  Defendants are without knowledge as to the remaining allegations of said paragraph, and therefore deny the same.

144.     Defendants are without knowledge as to the allegations in paragraph 177 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

145.     Defendants admit the allegations in paragraph 178 of Plaintiffs' Complaint and Jury Demand that Plaintiff Moore's appearance in the Aurora Court that issued the warrant, was mandated.  Defendants are without knowledge as details of a verbal conversation with a DPD sergeant.  Defendants deny the remaining allegations of said paragraph.

146.     Defendants deny the allegations in paragraph 179 of Plaintiffs' Complaint and Jury Demand.

147.     Defendants deny the allegations in paragraphs 180 and 181 of Plaintiffs' Complaint and Jury Demand.

148.     Defendants deny the allegations in paragraph 182 of Plaintiffs' Complaint and Jury Demand since the premise of the allegations was already denied in response to paragraphs 180 and 181.

149.     Defendants are without knowledge as to the allegations in paragraph 183 of Plaintiffs' Complaint and Jury Demand of what accurate media reports reached policymakers.

150.     Defendants are without knowledge as to the allegations in paragraphs 184, 185 and 186 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

151.     Defendants admit the allegations in paragraph 187 of Plaintiffs' Complaint and Jury Demand that Valerie Rodriguez was arrested in October 2005.  Defendants deny there was no probable cause to arrest the person.

152.     Defendants are without knowledge as to the allegations in paragraphs 188 and 189 of Plaintiffs' Complaint and Jury Demand, and therefore deny same.

153.     Defendants admit the allegations in paragraph 190 of Plaintiffs' Complaint and Jury Demand that Bradley Braxton was arrested and was in custody during 2007.  The circumstances of the events surrounding Mr. Braxton are different than the circumstances of the Plaintiffs herein.  Defendants deny the remaining allegations of said paragraph.

154.     Defendants deny the allegations in paragraphs 191, 192 and 193 of Plaintiffs' Complaint and Jury Demand.

155.     Defendants denied the premise of the allegations of paragraph 194 of Plaintiffs' Complaint and Jury Demand in the response to paragraphs 191, 192 and 193.

156.     Defendants deny the allegations in paragraph 195 of Plaintiffs' Complaint and Jury Demand.

157.     In response to paragraph 196, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 195 of Plaintiffs' Complaint and Jury Demand.

158.     Defendants deny the allegations in paragraphs 197, 198, 199 and 200 of Plaintiffs' Complaint and Jury Demand.

159.     Upon information and belief, Defendants admit the allegations in paragraph 201 of Plaintiffs' Complaint and Jury Demand.

160.     Defendants deny the allegations in paragraphs 202 and 203 of Plaintiffs' Complaint and Jury Demand.

162.     In response to paragraph 204, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 203 of Plaintiffs' Complaint and Jury Demand.

163.     Defendants deny the allegations in paragraphs 205, 206, 207, 208, 209, 210 and 211 of Plaintiffs' Complaint and Jury Demand.

164.     In response to paragraph 212, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 211 of Plaintiffs' Complaint and Jury Demand.

165.     Defendants deny the allegations in paragraphs 213, 214, 215, 216, 217, 218, 219 and 220 of Plaintiffs' Complaint and Jury Demand.

166.     Upon information and belief, Defendants admit the allegations in paragraph 221 of Plaintiffs' Complaint and Jury Demand.

167.     Defendants deny the allegations in paragraphs 222 and 223 of Plaintiffs' Complaint and Jury Demand.

168.     In response to paragraph 224, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 223 of Plaintiffs' Complaint and Jury Demand.

169.     Defendants admit the allegations in paragraph 225 of Plaintiffs' Complaint and Jury Demand that notice of claim letter is dated March 18, 2008.  Defendants are without knowledge of the sufficiency of the notice pursuant to C.R.S. 24-10-109.

170.     Defendants deny the allegations in paragraph 226 of Plaintiffs' Complaint and Jury Demand.

171.     Defendants admit the allegations in paragraph 227 of Plaintiffs' Complaint and Jury Demand.

172.     In response to paragraph 228, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 227 of Plaintiffs' Complaint and Jury Demand.

173.     Defendants deny the allegations in paragraphs 229, 230, 231, 231 232, 233, 234 and 235 of Plaintiffs' Complaint and Jury Demand.

174.     In response to paragraph 236, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 235 of Plaintiffs' Complaint and Jury Demand.

175.     Defendants deny the allegations in paragraphs 237, 238, 239, 240, 241, 242 and 243 of Plaintiffs' Complaint and Jury Demand.

176.     In response to paragraph 244, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 243 of Plaintiffs' Complaint and Jury Demand.

177.     Defendants admit the allegations in paragraph 245 of Plaintiffs' Complaint and Jury Demand that Defendant Ortega arrested or caused the arrest of Plaintiff Smith.  Defendants deny the remaining allegations of said paragraph.

178.     Defendants deny the allegations in paragraphs 246, 247, 248 and 249 of Plaintiffs' Complaint and Jury Demand.

179.     In response to paragraph 250, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 249 of Plaintiffs' Complaint and Jury Demand.

180.     Defendants deny the allegations in paragraphs 251, 252, 253, 254, 255 and 256 of Plaintiffs' Complaint and Jury Demand.

181.     In response to paragraph 257, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 256 of Plaintiffs' Complaint and Jury Demand.

182.     Defendants deny the allegations in paragraphs 258, 259 and 260 of Plaintiffs' Complaint and Jury Demand.

183.     Defendants are without knowledge of allegations in paragraph 261 of Plaintiffs' Complaint and Jury Demand about details of verbal conversations with DPD and DSD officers. Defendants deny the remaining allegations of said paragraph.

184.    Defendants deny the allegations in paragraphs 262 and 263 of Plaintiffs' Complaint and Jury Demand.

185.    In response to paragraph 264, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 263 of Plaintiffs' Complaint and Jury Demand.

186.    Defendants admit the allegations in paragraph 265 of Plaintiffs' Complaint and Jury Demand that notice of claim letter is dated May 8, 2008.   Defendants are without knowledge of the sufficiency of the notice pursuant to C.R.S. 24-10-109.

187.    Defendants deny the allegations in paragraph 266 of Plaintiffs' Complaint and Jury Demand.

188.    Defendants admit the allegations in paragraph 267 of Plaintiffs' Complaint and Jury Demand.

189.    Defendants deny each and every allegation of Plaintiffs' Complaint which has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs have failed to state a claim upon which relief can be granted.

2.    The Court lacks subject matter jurisdiction because Plaintiffs have failed to state a claim that rises to the level of a deprivation of a federal constitutional right.

3.    Defendants' conduct, at all times material herein, comported with clearly established law and they therefore enjoy qualified immunity.

4.    Plaintiffs' claims are barred by the doctrines of absolute and/or sovereign and/or qualified immunity.

5.      Plaintiffs have failed to reasonably mitigate their alleged damages.

6.      This action may be barred in whole or in part by the applicable statue of limitations.

7.      If Plaintiffs suffered any damages or losses, they were the proximate result of actions or omissions of third parties over whom Defendants had no control or right of control.

8.      The training and supervision of officers of the Denver Police Department and Denver Sheriff Department met or exceeded constitutional and statutory standards.

9.      Plaintiffs' claims are barred by *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).  Plaintiffs' claimed losses did not result from an official policy, custom, usage or practice established by final policy maker or someone whose acts or edicts may fairly be said to represent official policy.

10.      To the extent that Plaintiffs have alleged state tort claims, such claims may be barred or limited by the provisions of the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, *et seq.*, including, but not limited to, C.R.S. §§ 24-10-106, 24-10-109, 24-10-114, and 24-10-118, and the Colorado Peace Officers Act, C.R.S. § 29-5-111.

11.      At all times material, Plaintiffs were accorded all rights, privileges and immunities guaranteed to them by the Constitution and laws of the United States and the state of Colorado.

12.      Plaintiffs' claims are barred or diminished by Plaintiffs' comparative negligence/fault/assumption of risk.

13.      Defendants reserve the right to amend their answer to add such other affirmative defenses as may become known through discovery or are supported by the evidence.

**WHEREFORE**, Defendants, having fully answered Plaintiffs' Complaint and Jury Demand, respectfully request that the Court grant relief as follows: dismiss Plaintiffs' Complaint with prejudice, enter judgment in favor of Defendants and against Plaintiffs for attorney fees and costs, and for such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND** - Defendants Request a Jury Trial on all issues triable of right by a jury, pursuant to Fed.R.Civ.P. 38.

Respectfully submitted this 10th day of October 2008.

By:  s/Douglas Jewell
Bruno, Colin, Jewell & Lowe
One Civic Center Plaza
1560 Broadway, Suite 1099
Denver, CO 80202
Telephone:  303 831-1099
Facsimile:  303 831-1088
*Attorney for Defendants*
*Mark Dalvit, Kurt Peterson, John*
*Bishop, Choice Johnson, Andrew Richmond*
*and Paul Ortega in their individual capacities*
E-Mail: ldjewell@bcjlpc.com

By: s/Stuart Shapiro
Office of the Denver City Attorney
Assistant City Attorney, Litigation Section
201 W. Colfax Avenue, Dept. 1108
Denver, CO 80202-5332
Telephone:  720 913-3100
Facsimile:  720 913-3182
*Attorney for Defendants City and County of*
*Denver, Mark Dalvit, Kurt Peterson, John*
*Bishop, Choice Johnson, Andrew Richmond*
*and Paul Ortega*
E-mail: dlefiling.litigation@ci.denver.co.us

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of October 2008, I electronically filed the foregoing **DOCUMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses as follows, or as provided to the Court:

Mark Silverstein
Msilver2@att.net

Taylor Pendergrass
tpendergrass@aclu-co.org

Ty Gee
tygee@hmflaw.com

Veronica Rossman
vrossman@law.du.edu                                    <u>s/Kelly O'Dea</u>
                                                       Legal Secretary
                                                       Office of the Denver City Attorney