IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01693-MSK-KLM

CHRISTINA ANN FOURHORN,
MUSE JAMA,
JOSE ERNESTO IBARRA,
DENNIS MICHAEL SMITH, and
SAMUEL POWELL MOORE,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
MARK DALVIT, a detective with the Denver Police Department, in his individual capacity,
CURT PETERSON, an officer with the Denver Police Department, in his individual capacity,
JOHN BISHOP, an officer with the Denver Police Department, in his individual capacity,
C.A.M., whose true name is unknown, a law enforcement officer working for the City and County of Denver, in his or her individual capacity,
CHOICE JOHNSON, an officer with the Denver Police Department, in his individual capacity,
ANDREW RICHMOND, an officer with the Denver Police Department, in his individual capacity, and
PAUL ORTEGA, a sergeant with the Denver Sheriff Department, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Amended Motion to Strike Defendants' Designation of Nonparties at Fault** [Docket No. 60; Filed November 14, 2008] (the "Motion"). Defendants' filed a Response in opposition to the Motion on December 4, 2008 [Docket No. 74], and Plaintiffs filed a Reply on December 9, 2008 [Docket No. 77]. The Motion has been fully briefed and is ripe for resolution.

    This case involves the alleged wrongful arrests of Plaintiffs based upon mistaken identity. Plaintiffs contend that alleged "recklessly sloppy police work" led to their arrests

at different times for unrelated offenses and in each case, Defendants "were aware of facts that demonstrated that they were arresting or causing the arrest of the wrong person, but they deliberately ignored those facts." *Complaint* [#1] at 2.

Pursuant to Colo. Rev. Stat. § 13-21-111.5, Defendants City and County of Denver, Mark Dalvit, Kurt Peterson, John Bishop, Choice Johnson, Andrew Richmond, and Paul Ortega designated William Pipkin (now deceased) as a nonparty at fault [Docket No. 53]. The designation of Pipkin relates solely to the wrongful arrest of Plaintiff Samuel Powell Moore. Pipkin, a thief, stole the identification card of Plaintiff Moore and when questioned by a City of Aurora police officer about stealing merchandise from a store, he presented Plaintiff Moore's stolen identification card and identified himself as Samuel Earl Moore. *Id.* at 29. "Earl" is not the middle name of Plaintiff Moore, and appears to have been invented by Pipkin. *Id.* When Pipkin failed to appear for a Court appearance, a warrant was issued for the arrest of "Samuel Earl Moore." *Id.* at 30. On the basis of this warrant, Plaintiff Moore was arrested on four occasions over a five-year period. *Id.* at 30-32. After the third wrongful arrest, a notation was placed in the police database that Samuel Earl Moore was not Plaintiff Moore and that identifying characteristics of the former should be verified before making an arrest. *Id.* at 31. Despite this notation, Plaintiff Moore was arrested for a fourth time by Defendants Johnson and Richmond and spent eight days in the Denver City Jail. *Id.* at 29, 31-32. Pursuant to the Complaint, Plaintiff Moore asserts federal law claims against Defendants City and County of Denver, Johnson, and Richmond. *Id.* at 49-51. Plaintiff Moore also asserts state law claims against Defendant City and County of Denver. *Id.* at 51.

In support of the present Motion, Plaintiffs contend that Defendants' designation of

Pipkin as a nonparty at fault should be stricken for three reasons: (1) the designation is overbroad because it (a) was made by Defendants not associated with Pipkin or Plaintiff Moore's arrest and (b) was made by Defendants against whom no state law claims are asserted; (2) the designation does not comply with Colo. Rev. Stat. § 13-21-111.5 in that the notice does not assert facts corresponding with the elements of a claim for which Pipkin could be liable to Plaintiff Moore; and (3) Pipkin did not cause Plaintiff Moore's fourth arrest and therefore did not owe a duty of care to him for purposes of sharing liability for the arrest. *Motion* [#60] at 5-6; *Reply* [#77] at 3-5.

As to Plaintiffs' first argument, Defendants contend that the allegedly improper joinder of Plaintiffs' claims contributes to the potential overbreadth of their designation. *Response* [#74] at 4. As to Plaintiffs' second argument, Defendants do not address whether their notice is deficient for failing to allege facts which could support elements of a tort committed by Pipkin. As to Plaintiffs' third argument, Defendants allege that Pipkin's identity theft was a direct cause of the arrest warrant being issued in the name of Plaintiff Moore and leading to his fourth arrest. *Id.* at 2-5. To the extent that the Court finds any merit in Plaintiffs' substantive or procedural arguments regarding the designation, Defendants suggest that amendment, rather than the sanction of striking the designation, is the appropriate resolution of Plaintiffs' Motion. *Id.* at 2, 4.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Although the Court agrees that Defendants' designation is overbroad and not sufficiently detailed, I do not agree that the designation should be stricken and find instead that amendment is appropriate. My ruling is further explained below.

**I. Overbreadth of the Designation**

Plaintiffs argue that Defendants' designation of Pipkin is overbroad for two reasons: only those Defendants who are being sued in connection with the arrest of Plaintiff Moore may properly make the designation; and, of the Defendants associated with the arrest of Plaintiff Moore, only those Defendants who are sued pursuant to state law may designate a nonparty at fault pursuant to Colorado law. Here, the only Defendant associated with the arrest of Plaintiff Moore and sued for a violation of state law is the City and County of Denver. As such, Plaintiffs argue that only the City and County of Denver should be permitted to make the designation. I agree.

Manifestly, Pipkin's conduct and potential liability serves only to diminish the liability of those who participated in the arrest of Plaintiff Moore. *See Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001) ("Our statute is clear that a non-party designation is reserved for individuals or entities who might themselves be at fault and therefore liable for the injury at issue."). The other Plaintiffs were separately arrested, and there is no allegation by any party that Pipkin was involved in the series of events culminating in those arrests. To the extent that Defendants argue that a broader designation is appropriate because "the Plaintiffs have joined 5 different cases to attempt to prove a Citywide pattern, which implicates all the Defendants, [thus] all the Defendants should be permitted to point to the involvement of a nonparty to rebut the attempt to prove a Citywide pattern," the Court rejects this suggestion. *See Response* [#74] at 4. First, no individual Defendant is alleged to have engaged in a "Citywide pattern" of unconstitutional conduct. Second, the "Citywide pattern" allegation relates to a federal law claim, not a state law claim. Third, Defendants cite no applicable legal authority for interpreting Colorado's nonparty at fault statute in this

fashion.[1]

Section 13-21-111.5 is not applicable to diminish a parties' liability for federal law claims. *Roe v. Housing Authority*, 909 F. Supp. 814, 823 (D. Colo. 1995). To the extent that Plaintiffs assert a "Citywide pattern" claim, this claim is brought pursuant to 42 U.S.C. § 1983. Moreover, in relation to the arrest of Plaintiff Moore, Plaintiffs assert a state law claim only against Defendant City and County of Denver. Despite the fact that Defendants Johnson and Richmond are implicated in the arrest of Plaintiff Moore, the claims asserted against them are limited to federal law claims and, consequently, section 13-21-111.5 is not applicable.

Arguably, inclusion of other Defendants in the designation of Pipkin as a nonparty at fault has no prejudicial or detrimental effect because the jury should only consider his conduct in relation to the conduct of those Defendants associated with Plaintiff Moore's arrest and against whom Plaintiffs assert state law claims. *See* Colo. Rev. Stat. § 13-21-111.5(3)(a) ("[T]he finder of fact in a civil action may consider the degree or percentage of negligence or fault of a person not a party to the action, based upon evidence thereof, which shall be admissible, in determining the degree or percentage of negligence or fault of those

---

[1] Defendants cite my holding in *Giles v. Inflatable Store, Inc.* to justify the inclusion of Defendants unrelated to Plaintiff Moore's arrest in the designation. No. 07-cv-00401-MSK-KLM, 2008 WL 4079242 (D. Colo. Aug. 21, 2008) (unpublished decision) (relating to one defendant's request to join in the earlier designation of a nonparty made by defendants who were later dismissed). Their reliance on *Giles* is misplaced. *Giles* related to a nonparty designation where every defendant was sued for the same injury and the potential liability of the nonparty designee applied equally to all defendants. In those circumstances, where all defendants shared potential liability for the acts complained of, I found that nothing in the "statute suggests that the Court or a jury should consider the fault of a nonparty only as to certain defendants." *Id.* at *2. The same is not true here where the nonparty's involvement serves only to diminish the liability of those Defendants who are associated with the arrest of Plaintiff Moore and against whom state law claims are asserted.

5

persons who are parties to such action."). For the sake of clarity, however, I find that the designation of Pipkin applies only to Defendant City and County of Denver and direct Defendants to amend the designation to reflect this fact.

## II. Sufficiency of the Designation

Colo. Rev. Stat. § 13-21-111.5(3)(b) requires that a designation contain a sufficient "brief statement of the basis for believing such nonparty to be at fault." Plaintiffs argue that the "brief statement" requirement can only be satisfied by alleging facts which go to each element of a potential claim against the designee. *Motion* [#60] at 5. Defendants' statement of Pipkin's potential liability is that he "[m]ay have illegally used the identity of Plaintiff Samuel Powell Moore which caused arrest warrant to issue [to] Plaintiff Moore." *Designation* [#53] at 2.

One of the purposes behind requiring designation of nonparties at fault is to ensure that Plaintiffs will be able to assess the nonparty's involvement and make case decisions accordingly. Even where a plaintiff is prohibited from suing the nonparty because of immunity or, as is the case here, when the nonparty is deceased, a defendant should be entitled to attempt to reduce its liability where others may have also contributed to the plaintiff's injury. *See Pledge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. Ct. App. 2002) ("This designation ensures that parties found liable will not be responsible for more than their fair share of the damages.").

Here, Plaintiffs ask the Court to strike Defendants' designation because it fails to set forth facts which go to every element of the potential claim Plaintiff Moore may have against Pipkin. Plaintiff cites *Redden* as requiring that the designation must "connect[] alleged facts

6

with the established elements" forming the basis for the nonparty's liability.[2] *Redden*, 38 P.3d at 81. While I agree that *Redden* is applicable, I find that the heightened "brief statement" requirement specified by *Redden* does not require that the designation of Pipkin be stricken. *See id.* (recognizing that "the designation statute requires only a 'brief' statement, but that statement must show the non-party can be found legally at fault."). Plaintiffs detailed in their Complaint the role Pipkin's conduct played in the events at issue. It is disingenuous for Plaintiffs now to suggest that they do not have sufficient information about Pipkin's potential liability in these circumstances. This is simply not a case where Plaintiffs have been blind-sided late in the litigation about the alleged fault of a nonparty. Moreover, Courts from our district have recognized that a designation may be proper if it minimally sets forth "facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the nonparty's fault." *Jenkins v. FMC Tech., Inc.*, 07-cv-02110-LTB-KMT, 2008 WL 4059861, at *1 (D. Colo. Aug. 29, 2008) (unpublished decision) (quoting *Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1408-09 (D. Colo. 1993)). *See generally Baca v. Clark*, No. 06-cv-00714-EWN-PAC, 2007 WL 1964079, at *4 (D. Colo. July 2, 2007) (unpublished decision) (noting that a notice which complies with the spirit of Colo. Rev. Stat. § 13-21-111.5(3) is sufficient to minimize any prejudice that the designation may cause to plaintiff).

While the present brief statement in Defendants' designation does not comply with *Redden*'s heightened standard, given that Plaintiffs are well aware of Pipkin's conduct and

---

[2] To the extent that Defendants contend that the heightened "brief statement" requirement enunciated in *Redden* only applies to designations related to claims of professional negligence, this argument has been rejected. *Grabau v. Target Corp.*, No. 06-cv-01308-WDM-KLM, 2008 WL 179442, at **3-4 & n.4 (D. Colo. Jan. 17, 2008) (unpublished decision).

the role his conduct played in having the arrest warrant issued in the wrong name, I find that amendment of the designation, rather than striking it from the docket, is the appropriate result here.

### III. Reasonableness of Designee

A proper designee is someone to whom potential fault may be attributed. *Miller v. Byrne*, 916 P.2d 566, 577 (Colo. Ct. App. 1995). Plaintiffs argue that liability is not attributable to Pipkin because he did not owe Plaintiff Moore a duty of care and is, for all intents and purposes, a "remote nonparty." *Reply* [#77] at 5 (quoting *Miller*, 916 P.2d at 577). Defendants counter that without Pipkin's conduct of stealing Plaintiff Moore's identification card and identifying himself as Plaintiff Moore, the arrest warrant would not have issued in the wrong name. Specifically, the parties dispute whether liability can be attributed to Pipkin for the fourth arrest because, by that time, a notation had been placed in the police record that Samuel Earl Moore was not Plaintiff Moore. Plaintiffs contend that by the fourth arrest, "Pipkin's 'duty' owed to Mr. Moore . . . as a matter of law had diminished to the point of insignificance for purposes of the pro rata liability statute." *Motion* [#60] at 6.

These arguments are not only premised upon detailed facts not presented here, but also upon analysis of the legal duty, if any, owed by Pipkin to Plaintiff Moore. Such disputes have not been fully vetted in these pleadings and may best be resolved after amendment of the designation or by the trier of fact at trial. At this stage of the litigation, based on the information contained in the parties' pleadings, I agree with Defendants that Pipkin's conduct was not so far removed from Defendants' conduct to take Pipkin out of the realm of possible nonparties to whom liability could be attributed. To put it another way, the parties apparently agree that Pipkin was an intentional wrongdoer. It is further apparent that without Pipkin's

8

wrongful conduct, Plaintiff Moore's alleged injuries may not have occurred. Further, "the public policy rationale for apportioning the loss commensurate with wrongdoing is even more compelling when an intentional tortfeasor contributes to the injury." *Bangert Bros. Const. Co. v. Kiewit W. Co.*, 310 F.3d 1278, 1289 (10th Cir. 2002).

To the extent that the passage of time or intervening events eliminated or diminished Pipkin's liability, the trier of fact will make appropriate findings and adjust liability assessments accordingly, including the possibility that no liability will be assessed against Pipkin. In any event, "a defendant [should] still only be 'liable' for such defendant's share of the whole 'liability' because it [should bear] only the amount of negligence or fault that properly belongs to it . . . ." *Miller*, 916 P.2d at 577-78; *see also Bangert*, 310 F.3d at 1290 ("[S]ection 13-21-111.5 demonstrates the General Assembly's intent that a tortfeasor should pay only for the portion of the injury he caused." (citation omitted)). In order to ensure that Defendant City and County of Denver does not bear more responsibility than its conduct warrants, at this juncture of the litigation, the Pipkin designation should stand.

IT IS FURTHER **ORDERED** that on or before **January 16, 2009**, Defendant City and County of Denver shall file an amended designation which: (1) indicates that Defendant City and County of Denver is the designating party with respect to nonparty Pipkin, and (2) sets forth sufficient facts to show that Pipkin could be found legally at fault for Plaintiff Moore's injuries based on an alleged violation of state law.

Dated: December 30, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix