IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01693-MSK-KLM

CHRISTINA ANN FOURHORN,
MUSE JAMA,
JOSE ERNESTO IBARRA,
DENNIS MICHAEL SMITH, and
SAMUAL POWELL MOORE,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
MARK DALVIT, a detective with the Denver Police Department, in his individual capacity,
CURT PETERSON, an officer with the Denver Police Department, in his individual capacity,
JOHN BISHOP, an officer with the Denver Police Department, in his individual capacity,
C.A.M., whose true name is unknown, a law enforcement officer working for the City and County of Denver, in his or her individual capacity,
CHOICE JOHNSON, an officer with the Denver Police Department, in his individual capacity,
ANDREW RICHMOND, an officer with the Denver Police Department, in his individual capacity, and
PAUL ORTEGA, a sergeant with the Denver Sheriff Department, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiffs' Motion for Leave to Amend Complaint** [Docket No. 70; Filed November 28, 2008] (the "Motion"). Defendants filed a Response in opposition to the Motion on December 18, 2008 [Docket No. 81], and Plaintiffs filed a Reply on December 24, 2008 [Docket No. 82]. The Motion has been fully briefed and is ripe for resolution. As a preliminary matter, the Court notes that the Motion was filed within the case deadline for amendment of pleadings and is timely [Docket No. 63].

    Pursuant to the Motion, Plaintiffs seek to file an Amended Complaint [Docket No. 71]

which adds a Plaintiff (Plaintiff Dede Davis), asserts claims on behalf of proposed Plaintiff Davis against current Defendant City and County of Denver and new Defendants (Defendants John Doe 1 and John Doe 2), substitutes Defendant C.A.M. with Defendant Alan Sirhal, asserts an additional state law claim on behalf of Plaintiff Smith, and modifies factual allegations. Defendants object only to amendment to add Plaintiff Davis and her claims. *See Reply* [#82] at 1. Defendants argue, among other things, that amendment should be denied because "Plaintiff's Motion for Leave bears directly on the Defendants' Motion to Sever [Doc. 19], that is fully briefed and pending before the District Court" and "[t]his amendment unduly prejudices the Defendants by compounding the misjoinder that has already occurred." *Response* [#81] at 2, 5.

To the extent that Defendants invite me to consider whether joinder of the original five Plaintiffs was proper in an effort to determine whether joinder of an additional sixth Plaintiff is warranted, I decline to do so. The issue of misjoinder and severance is not before the Court, and the Court makes no findings as to the merits of Defendants' pending motion to sever. *See Order* [#26] at 4. Further, as has been previously noted by the Court, Defendants' reliance on their motion to sever to support their requests to delay this case or their opposition to reasonable requests made by Plaintiffs, is something of a mystery to this Court. *See id.* at 2-5; *Order* [#46] at 2. If amendment is permitted here, the potential outcomes regarding the motion to sever do not change: (1) if the District Judge grants the motion to sever, each Plaintiff's case will be severed and will proceed separately; or (2) if the District Judge denies the motion to sever, all Plaintiffs will be allowed to proceed in a single case. The Court is persuaded that if the District Judge chooses option 2, amendment ensures that a single case involving all six Plaintiffs will proceed, rather than two separate

cases, one with five Plaintiffs and the other with one Plaintiff.

In addition, the Court finds no basis for denying the Motion considering the liberal standard for allowing amendment set forth in Fed. R. Civ. P. 15(a). The Court should grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should only be denied when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

As the Motion is timely and no previous amendments have been sought, there can be no reasonable assertion that Plaintiffs unduly delayed or repeatedly failed to cure. Further, as has been previously noted, proceeding with discovery in a single case brought by multiple Plaintiffs does not necessarily lead to a greater discovery burden than that which would exist in separate cases brought by single Plaintiffs and, indeed, the discovery burden is likely to be lessened in a one comprehensive case. *See Order* [#26] at 2, 4-5. Further, the Court can discern no prejudice to Defendants if amendment is permitted. As noted above, regardless of the District Judge's ruling on the motion to sever, Plaintiffs' allegations will go forward either as a single case or as multiple separate cases. Any alleged misjoinder of these five or six Plaintiffs can be resolved by the District Judge. Conversely, if no misjoinder is found, the Court's and the parties' efficiency is served by permitting amendment. Finally, to the extent that Defendants assert a futility-like argument that the factual allegations surrounding Plaintiff Davis's mistaken identity arrest are sufficiently different from the five pending Plaintiffs' factual allegations so as to make amendment improper, Defendants have failed to convince the Court that Plaintiff Davis's circumstances are so distinct as to prohibit amendment, or that "jury confusion" will necessarily result.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. The Court accepts Plaintiffs' Amended Complaint [Docket No. 71] for filing as of the date of this Order. The case caption shall be amended to add Plaintiff Dede Davis, Defendants Alan Sirhal, John Doe 1 and John Doe 2, and to delete Defendant C.A.M.

IT IS FURTHER **ORDERED** that Plaintiffs shall serve a copy of the Summons, Amended Complaint, and this Order on Defendant Alan Sirhal on or before **January 26, 2009**. Defendant Sirhal shall respond to the Amended Complaint as provided for in the Federal Rules of Civil procedure after service of process is completed.

IT IS FURTHER **ORDERED** that Plaintiffs shall identify and serve a copy of the Summons, Amended Complaint, and this Order on Defendants John Doe 1 and John Doe 2 **within sixty (60) days** of this Order. Defendants John Doe 1 and John Doe 2 shall respond to the Amended Complaint as provided for in the Federal Rules of Civil procedure after service of process is completed.

Dated: January 5, 2009

BY THE COURT:

　s/ Kristen L. Mix　　　
United States Magistrate Judge
Kristen L. Mix