IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01693-MSK-KLM

CHRISTINA ANN FOURHORN,
MUSE JAMA,
JOSE ERNESTO IBARRA,
DENNIS MICHAEL SMITH,
SAMUEL POWELL MOORE, and
DEDE DAVIS,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
MARK DALVIT, a detective with the Denver Police Department, in his individual capacity,
CURT PETERSON, an officer with the Denver Police Department, in his individual capacity,
JOHN BISHOP, an officer with the Denver Police Department, in his individual capacity,
ALAN SIRHAL, a Denver Sheriff Department deputy, in his individual capacity,
CHOICE JOHNSON, an officer with the Denver Police Department, in his individual capacity,
ANDREW RICHMOND, an officer with the Denver Police Department, in his individual capacity,
PAUL ORTEGA, a sergeant with the Denver Sheriff Department, in his individual capacity,
JOHN DOE 1, a Denver Police Department officer, whose identity is unknown, in his individual capacity, and
JOHN DOE 2, a Denver Police Department officer, whose identity is unknown, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on interested party **[Antonio Carlos] Sanchez's Motion for Leave to Intervene** [Docket No. 117; Filed March 11, 2009] (the "Motion"). Defendants filed a Response in opposition to the Motion on April 3, 2009 [Docket No. 126], and Mr. Sanchez filed a Reply on April 21, 2009 [Docket No. 145]. The Motion has been fully briefed and is ripe for resolution.

As a preliminary matter, the Court notes that a previous attempt to add a party plaintiff was made via a motion for leave to amend and within the case deadline for amendment of pleadings [Docket No. 84]. The case deadline for pleading amendment has now expired and Plaintiff's attorneys, who also represent Mr. Sanchez, now seek to use the vehicle of intervention to add a new plaintiff. Because intervention is separate and distinct from pleading amendment, the Court considers whether intervention is appropriate on the merits.

Pursuant to the Motion, Mr. Sanchez seeks leave to intervene as a matter of right. Fed. R. Civ. P. 24(a). In the alternative, he argues that even if he does not fall within the category of those afforded an unconditional right to intervene, he should be permitted to intervene because he has a claim based upon a common question of law which is also asserted in the main action. *Id.* 24(b). As Defendants have done throughout this litigation, Defendants contend that the underlying Plaintiffs are improperly joined because they have factually distinguishable claims. *See Response* [#126] at 2. Defendants argue, among other things, that invention should be denied because "[t]he addition of a seventh Plaintiff is improper under the measure of Fed. R. Civ. P. 24, and complicates the problems already created by joinder in this action of multiple Plaintiffs with factually distinct cases." *Id.*

The Court makes no findings as to the merits of Defendants' pending motion to sever, which is based on their argument regarding misjoinder. Further, as has been previously noted by the Court, Defendants' reliance on their misjoinder argument to oppose the addition of parties is an inefficient use of their time. *See Order* [#26] at 2-5; *Order* [#84] at 2-3. To the extent that Defendants assert substantive arguments regarding intervention, the Court considers those arguments.

Regardless of whether Mr. Sanchez should be given leave to intervene as a matter of right, I find that the standard permitting permissive intervention has clearly been met. Permissive intervention is appropriate where the proposed party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added). Although Defendants place great emphasis on the factual differences between each Plaintiff's and Mr. Sanchez's "mistaken identity" arrests, they do not address whether the claims nevertheless share legal questions in common. Here, I find that Mr. Sanchez's claims share a common question of law with the claims at issue in the main action, namely whether the City of Denver's current policies, or failure to enact preventative policies, directly led to mistaken identity arrests and caused the deprivation of constitutional rights. Moreover, given the timing of the request and the fact that discovery is ongoing, no prejudice or significant case disruption can be reasonably identified. *See id.* 24(b)(3).[1]

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. The Court accepts Plaintiff-Intervenor's Intervention Complaint [Docket No. 117-2] for filing as of the date of this Order. The case caption shall be amended to add Plaintiff-Intervenor Antonio Carlos Sanchez as a party.

Dated: April 27, 2009

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix

---

[1] The Court notes that any request to intervene must be made upon a timely motion. *See* Fed. R. Civ. P. 24(a) & (b). While no deadline for intervention has been set, the right to intervene is not ongoing. Future attempts to intervene may be considered untimely as other case deadlines approach or expire.