IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01693-MSK-KLM

CHRISTINA ANN FOURHORN,
MUSE JAMA,
JOSE ERNESTO IBARRA,
DENNIS MICHAEL SMITH,
SAMUEL POWELL MOORE, and
DEDE DAVIS,

    Plaintiffs,

ANTONIO CARLOS SANCHEZ,

    Plaintiff-Intervenor,

v.

CITY AND COUNTY OF DENVER,
MARK DALVIT, a detective with the Denver Police Department, in his individual capacity,
CURT PETERSON, an officer with the Denver Police Department, in his individual capacity,
JOHN BISHOP, an officer with the Denver Police Department, in his individual capacity,
ALAN SIRHAL, a Denver Sheriff Department deputy, in his individual capacity,
CHOICE JOHNSON, an officer with the Denver Police Department, in his individual capacity,
ANDREW RICHMOND, an officer with the Denver Police Department, in his individual capacity,
PAUL ORTEGA, a sergeant with the Denver Sheriff Department, in his individual capacity,
JOHN DOE 1, a Denver Police Department officer, whose identity is unknown, in his individual capacity, and
JOHN DOE 2, a Denver Police Department officer, whose identity is unknown, in his individual capacity,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiffs' Motion for Approval to Disclose Discrete Statements Made in a Settlement Conference** [Docket No. 130; Filed April 9,

2009] (the "Motion").  Defendants filed a Response in opposition to the Motion on April 20, 2009 [Docket No. 144], and Plaintiffs filed a Reply on April 22, 2009 [Docket No. 149].  The Motion has been fully briefed and is ripe for resolution.

The Motion pertains to Defendants' motion to set aside the offer of judgment made to Plaintiff Davis or to set aside the judgment pursuant to Fed. R. Civ. P. 60(b) [Docket No. 110] ("Underlying Motion").  The Underlying Motion is pending before the District Court Judge assigned to this case.  In opposition to the Underlying Motion, Plaintiffs seek to publicly disclose statements made by Defendants' counsel in a settlement conference.[1]  Defendants oppose Plaintiffs' request to disclose statements made pertaining to Plaintiff Davis' offer of judgment because "confidential settlement conference statements should not be used in any manner."  *Response* [#144] at 2.

The Court previously warned the parties about the use of statements made during settlement discussions in their pleadings.  Specifically, the Court cautioned counsel that "all settlement conference discussions remain confidential absent permission to disclose from the Court . . . and such information may not be disclosed without Court approval."  *Order* [#124] at 2.  This language is not limited to public disclosure, but also prohibits disclosure to anyone not present at the settlement conference who is not an agent of the parties.  Therefore, the Court interprets the Motion to request the following relief:  (1) permission to disclose statements made by Defendants' counsel during a settlement conference to the District Judge for the purpose of opposing the Underlying Motion; and (2) permission to

---

[1] To this end, Plaintiffs filed a redacted version of their Response to the Underlying Motion for public view [Docket No. 133], and a sealed document containing the settlement statements, along with a Motion to Seal such document [Docket No. 131 & 132].

make such statements available for public review.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**. Defendants have challenged the validity of the settlement agreement purportedly reached with Plaintiff Davis, including whether certain information was relevant to their offer of judgment. Accordingly, I find that disclosure of statements made by Defendants' counsel related to this issue should be permitted. *See generally Bank of Am. Nat'l Trust & Savings Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986) (noting that when parties utilize the judicial process to adjudicate the validity of their agreement, "the parties are no longer entitled to invoke the confidentiality ordinarily accorded settlement agreements"); *see also Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1363-64 (10th Cir. 1987) (noting that evidence related to parties' settlement discussions may be admissible to address an issue apart from ultimate liability for or invalidity of a claim); *PRL USA Holdings, Inc. v. U.S. Polo Ass'n*, 520 F.3d 109, 113-16 (2d Cir. 2008) (finding that statements made in settlement negotiations were relevant to issue of whether the offer or promise was made and its intended effect).

However, to the extent that Plaintiffs request that their Motion to Seal [Docket No. 131] be denied as moot and that the settlement statements at issue be made available to the public, the Motion is denied. As a preliminary matter, the Motion to Seal is pending before the District Judge. Were the issue before me, I note that public disclosure of statements made during a confidential settlement conference is detrimental to the parties' and other litigants' willingness to be candid and open in settlement discussions. *See Davis v. Kan. City & Marine Ins. Co.*, 195 F.R.D. 33, 37-38 (N.D. Okla. 2000). While the

confidentiality protection afforded settlement discussions is not absolute, I find that disclosure of these statements without limitation would undermine "the proper functioning of [the] settlement conference program." *Clark v. Stapleton Corp.*, 957 F.2d 745, 746 (10th Cir. 1992). As such, I believe that sealed disclosure of the settlement statements is the appropriate result, as it balances Plaintiffs' need to fully inform the District Judge of the relevant facts for purposes of opposing the Underlying Motion with the Defendants' desire to maintain the confidentiality of the statements. I discern no public interest in revealing the statements beyond the District Judge's adjudication of the Underlying Motion. Accordingly, I deny any request by Plaintiffs asserted herein to permit public disclosure of the statements.

Dated: April 29, 2009

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix