IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01693-MSK-KLM

MUSE JAMA,
JOSE ERNESTO IBARRA, and
DENNIS MICHAEL SMITH,

       Plaintiffs,

ANTONIO CARLOS SANCHEZ,

       Plaintiff-Intervenor,

v.

CITY AND COUNTY OF DENVER,
KURT PETERSON, an officer with the Denver Police Department, in his individual capacity,
JOHN BISHOP, an officer with the Denver Police Department, in his individual capacity,
ALAN SIRHAL, a Denver Sheriff Department deputy, in his individual capacity, and
PAUL ORTEGA, a sergeant with the Denver Sheriff Department, in his individual capacity,

       Defendants.

---

**ORDER GRANTING MOTION FOR RECONSIDERATION**

---

**THIS MATTER** comes before the Court on the Defendants' Motion for Reconsideration **(#382)**, to which no response was filed. The Defendants move for reconsideration of the Court's denial of their motions to seal certain exhibits related to their motions for summary judgment.

The previous motions to seal **(#186, 283, 334, 351, 354, 359)** were denied by the Court at a law and motion hearing on March 2, 2010 **(#381)** for failure to demonstrate compelling need for sealing as required by the relevant case law and the local rules. The Court stayed the effect of the Order, however, to give the parties a chance to move for reconsideration. The Defendants so moved.

The Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (J. Kane).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a particular court document should be sealed. *See Nixon,* 435 U.S at 599. D.C. Colo. L. Civ. R. 7.2 requires a party seeking sealing of a document to show "compelling" reasons for doing so. Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814

In this case, the Court concludes that the Defendants have met demonstrated that there is a compelling need to seal the following exhibits:

| Docket No. | Exhibit No. |
| --- | --- |
| 187 | B, C, E, |
| 277 | B |
| 335 | B, C, P |
| 352 | A-14, A-16, A-17, A-18, A-19, A-20, A-22, A-40, A-46, A-47, A-48 |

| 355 | A, B, C, D, E, F, H, I, J, S |
| 360 | A-1, A-4, A-11, A-29 |

The Court concludes that sealing is appropriate as the public's interest is outweighed by the interests furthered by sealing, *i.e.*, the privacy of personal identifying information such as social security numbers or Colorado ID, safety considerations for confidential law enforcement procedures, and to uphold the state court's decision to seal juvenile court proceedings. Furthermore, the Defendants seek only to seal the exhibits, not the full briefing, which is a "ess restrictive alternative" as defined by the local rules.

**IT IS THEREFORE ORDERED** that

(1) The Defendants' Motion for Reconsideration is **GRANTED**.

(2) The exhibits enumerated in this Order are to remain **SEALED**.

Dated this 17th day of March, 2010

                        **BY THE COURT:**

                        Marcia S. Krieger
                        United States District Judge