IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01693-MSK-KLM

MUSE JAMA,
JOSE ERNESTO IBARRA, and
DENNIS MICHAEL SMITH,

      Plaintiffs,

ANTONIO CARLOS SANCHEZ,

      Plaintiff-Intervenor,

v.

CITY AND COUNTY OF DENVER,
KURT PETERSON, an officer with the Denver Police Department, in his individual capacity,
JOHN BISHOP, an officer with the Denver Police Department, in his individual capacity, and
ALAN SIRHAL, a Denver Sheriff Department deputy, in his individual capacity,

      Defendants.

---

**ORDER GRANTING IN PART MOTION FOR RULE 56(f) RELIEF AND
CONSOLIDATION OF RULE 56(c) RESPONSES AND
DENYING MOTION FOR RULE 56(f) RELIEF**

---

**THIS MATTER** comes before the Court on (1) the Plaintiffs' Motion for Rule 56(f) Relief and Consolidation of Deadlines for Rule 56(c) **(#349)**, First Supplement **(#368)**, Second Supplement **(#374)**, Defendants' Response **(#376)** and Plaintiffs' Reply **(#378)** and (2) Plaintiffs' Motion for Rule 56(f) Relief re Documents Relevant to Denver's Monell Arguments **(#400)**, to which Denver responded **(#417)**.

In the first motion **(#349)**, the Plaintiffs seek (I) leave to file a consolidated response to all of Denver's anticipated motions for summary judgment and (ii) Rule 56(f) Relief in the form

of an extension of time to respond to Defendant Denver's Motions for Summary Judgment (**#333, 350, 356, 358**).[1]  As to leave to file a consolidated response to Defendant Denver's Motions for Summary Judgment, the Plaintiffs state that these motions are all raise issued relating to the Plaintiffs' ability to demonstrate *Monell* liability and, therefore, a consolidated response would be economical and efficient.

As grounds for Rule 56(f) relief, the Plaintiffs state that they are unable to present facts essential to justify their opposition to these motions because discovery regarding the *Monell* claims against Denver is on-going.  They indicate that they are awaiting disclosure of Denver's written policies relating to arrests, training materials, and computer manuals, the relevant background information on other identified mistaken identity arrests in Denver, and the information included in Denver's warrant verification logs which they contend items are necessary to refute Denver's Motions for Summary Judgment.  They argue that these documents will show that Denver's failure to equip its officers with the training or tools to respond to a recurring problem, *i.e.*, mistaken identity arrests, amounted to deliberate indifference to the consequence of the inadequate training.  *See Bd. Of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 409 (1997); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).  The motion requests that the deadline to respond to Denver's motions for summary judgment be set thirty days after the close of the *Monell* discovery, or February 23, 2010 **(#349)**.  This initial motion was not opposed by Denver.  In subsequent filings, however, the Plaintiffs indicate that

---

[1] At the time the motion was made, only one motion by Denver had actually been filed, Docket **#333**.  However, the motion was made under the assumption that Denver would move for summary judgment as to each plaintiff or plaintiff-intervenor.  Denver has since done so.  *See* **#350, 356, 358**.

2

discovery has extended beyond the time initially anticipated and request a further extension of time, but do not specify a particular deadline. The Plaintiffs have not filed a further supplement to their motion either indicating that discovery has ended or specifying a deadline for responses to the Motions for Summary Judgment. Instead, they filed the second motion.

The second Motion for Rule 56(f) Relief **(#400)** refers to the need for additional discovery from Denver relating to mistaken identity arrests from September 2009 through the present.[2] In particular, the Plaintiffs seek disclosure of (I) copies of all minute orders by Denver County Court judges in which terms such as "wrong person arrested", "mistaken arrest" or "identification issue" are used; and (ii) the results from Denver's "Prisoner Identity In-Question" Program ("PIIQ Program"), which is designed to address claims of mistaken identity by arrestees.[3] This motion, implicitly, requests an extension of the deadline to respond to Denver's Motions for Summary Judgment. The Plaintiffs contend that it would take only a few days for Denver to compile the requested discovery. Denver responds, *inter alia*, that the Plaintiffs have not demonstrated that the materials sought are essential to oppose the pending Motions for Summary Judgment.[4]

---

[2] Denver has already provided the information sought for the period up through September 2009. Plaintiffs submit that the additional discovery will bolster their arguments, and that post September 2009 information will provide an additional basis for refuting the Motions for Summary Judgment.

[3] According to the Plaintiffs, under this program, whenever an arrestee claims to have been mistakenly arrested on a warrant for another person, the arrestee's information is submitted to the Denver Police Department Identification Bureau, which reviews the arrest. If the Identification Bureau determines that there was a mistake of identity, the charges are dropped against that person and he or she is released.

[4] Denver also argues that the motion is a collateral attack on the Magistrate Judge's previous denial of the material sought in this Motion. At a hearing on May 27, 2010, the Magistrate Judge denied the Plaintiffs' oral request for supplementation from September 2009 to

Rule 56(f) provides that if a party opposing a motion for summary judgment shows "by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment, the Court has discretion to deny summary judgment, order a continuance, or grant other relief. The theory behind this rule is that summary judgment should not be granted when the non-moving party has not has the opportunity to obtain discovery that is essential to adequately refute the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). To be entitled to relief under Rule 56(f), a party must explain why the facts precluding summary judgment cannot be presented, which includes identifying the probable facts not available and what steps have been taken to obtain the facts, and state with specificity how the facts will rebut the motion for summary judgment. *See Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008). A simple statement that discovery is incomplete is not sufficient under Rule 56(f). *See id.*

As to the first motion for Rule 56(f) relief **(#349)**, there is nothing to indicate that the Plaintiffs are still awaiting disclosure of the information cited in the motion. The original motion was made more than seven months ago, and the last supplement was filed more than five months ago. The motion and supplements all indicated that Denver was in the process of disclosing the relevant information and the parties have not provided any argument on which to base a conclusion that this was not completed in a timely fashion. Moreover, the Plaintiffs have since filed the second motion for Rule 56(f) relief, which contains no indication that the information

---

the present of the PIIQ Program results and the minute orders, noting that supplemental was not required under Rule 26(e) when the information was not in existence at the time of the original production. *See* Transcript, filed as Exhibit A to Denver's Response, **#417-1**. As the Magistrate Judge's ruling was based solely on Denver's obligations under Rule 26(e), the Plaintiffs' motion pursuant to Rule 56(f) is not an inappropriate attempt to object to this decision.

that was subject to discovery has not been disclosed. Accordingly, the Court concludes that this motion is now moot to the extent it seeks Rule 56(f) relief . To the extent it seeks leave to file a consolidated response, however, it is **GRANTED** as the Court agrees that economy and efficiency support a consolidated response.

As to the second motion **(#400)**, the Plaintiffs have not identified with specificity any facts that it cannot produce that are vital to its response to the Motions for Summary Judgment. The Court has some doubt as to the relevance of post September 2009 information with regard to Monell claims for pre September 2009 mistaken identity arrests, but assuming some relevance, the Plaintiffs do not affirmatively state what fact s they cannot establish with information that they currently have.[5] Indeed, the Plaintiffs acknowledge that the minute orders and PIIQ results in their possession demonstrate instances of mistaken identity arrests. The Motion is therefore **DENIED**.

There being no further discovery necessary for formulation of a response to the Motions for Summary Judgment, and extensive time having passed since the first response date and since the filing of the instant motions, the Plaintiffs shall have fourteen (14) days to respond to Denver's Motions for Summary Judgment.

**IT IS THEREFORE ORDERED** that

---

[5] Although the Supreme Court has suggested that discovery relating to a time period outside that covered by the subject matter of the lawsuit may be discoverable pursuant to a Rule 56(f) motion when the additional discovery demonstrates the ramifications of the conduct forming the basis of the complaint, *see First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 297 (1968), there is nothing to indicate that such discovery is necessary in this case. The Plaintiffs do not argue that the results from September 2009 to the present do anything other than provide additional support for their arguments—they do not provide new information or grounds for a response.

(1) Plaintiffs' Motion for Rule 56(f) Relief and Consolidation of Deadlines for Rule 56(c) **(#349)** is **GRANTED IN PART** insofar as it seeks leave to file a single, consolidated response to Denver's Motions for Summary and otherwise **DENIED** as moot.

(2) Plaintiffs' Motion for Rule 56(f) Relief re Documents Relevant to Denver's *Monell* Arguments **(#400)** is **DENIED**.

(3) The Plaintiffs shall file their responses to Denver's Motions for Summary Judgment **(#333, 350, 356, 358)** within fourteen (14) days of this Order. The Plaintiffs may file a single response to all of the Motions for Summary Judgment.

Dated this 4th day of August, 2010

                                              **BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge