IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01693-MSK-KLM

MUSE JAMA,
JOSE ERNESTO IBARRA, and
DENNIS MICHAEL SMITH,

    Plaintiffs,

ANTONIO CARLOS SANCHEZ,

    Intervenor Plaintiff,

v.

CITY AND COUNTY OF DENVER,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant City and County of Denver's Motion to Strike Witnesses and Documents Pursuant to Fed.R.Civ.P. 37(c)(1)** [Docket No. 451; Filed December 13, 2011] (the "Motion"). The Motion is referred to this Court for disposition [#452]. Plaintiffs and the Intervenor Plaintiff ("Plaintiffs") submitted a Response in opposition to the Motion on January 20, 2012 [#483], and Defendant filed a Reply on February 1, 2012 [#486]. The Court has reviewed the filings and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court **GRANTS IN PART** Defendant's Motion.

### I. Summary

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, as stated in the Second Amended Complaint, which is the operative pleading [#221]. After elimination of multiple

1

claims and defendants through the adjudication of dispositive motions, the remaining crux of this lawsuit turns on Plaintiffs' assertion that Defendant employs policies, procedures, practices, and customs that enable its law enforcement personnel to effect improper arrests based on mistaken identity, in contravention of Plaintiffs' constitutional rights.

In an order issued August 4, 2010, the District Judge determined that no further discovery would be necessary in this matter [#418]. Presently, no dates or deadlines are scheduled. Defendant submitted a motion for summary judgment on September 15, 2011, which remains pending before the District Judge [#439]. Plaintiffs responded to the motion for summary judgment on December 30, 2011 [## 454, 455, 456, 457, 458, 459, 460, 461]. Defendant has not yet replied.

In the Motion at issue, Defendant asks the Court to exclude "previously undisclosed witnesses and documents listed in the Plaintiffs' . . . Fourth Supplemental Disclosures" from use in this litigation, including use in Plaintiffs' response to the motion for summary judgment. [#451] at 1. Plaintiffs served the Fourth Supplemental Disclosures on November 8, 2011 [#447]. In sum, Defendant asserts that the Fourth Supplemental Disclosures are untimely, and the delayed disclosure is not substantially justified nor harmless. *See* [##451, 486]. The Court agrees.

## II. Analysis

### A.     Rule 26(e)

Fed. R. Civ. P. 26(a)(1)(A) requires, with some exceptions inapplicable here, that "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." This disclosure must be made "at or within

14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C). Litigants' disclosure obligations do not cease after initial compliance with the Rule, however. "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e).   In their Fourth Supplemental Disclosures, Plaintiffs identify 108 witnesses. *See* [#447]. Plaintiffs state that each of the 108 witnesses' addresses and telephone numbers are unknown. *Id.* For the majority of the witnesses, Plaintiffs provide the same generic statement of each witness' purpose: "[f]acts relating to arrest based on mistaken identity, including communications to and from law enforcement officers, court proceedings, circumstances of arrest, and length of detention." *Id.* Plaintiffs admit that most of the 108 witnesses were first identified within Defendant's own disclosures or document productions. [#483] at 11. Defendant's production presumably was complete, at the latest, by August 4, 2010 ([#418] denying Plaintiffs' Rule 56(f) motion), and in large part (more than 8,500 pages), as early as February 2010. *Id.* at 5

Although timeliness of supplementation is not clearly defined by Rule 26(e), the Court finds that the delay of more than one year by Plaintiffs in issuing their Fourth Supplemental Disclosures is excessive, and that Plaintiffs have not established good cause excusing the delay. In essence, Plaintiffs' excuse for the delay is the press of business, and apparently, litigation strategy. As reasons for the delay, Plaintiffs cite to a change in their litigation team, a sabbatical by one attorney (of the three counsel of record) on their team, multiple counsel having responsibility for different parts of the litigation, and the general complexity of the substantive issues and discovery process in this case. *See* [#483]. However, as stated in the District Judge's Practice Standards, good cause for simple extensions of time (let alone

a delay in excess of one year for submission of required witness disclosures) explicitly does not include "inconvenience to counsel or parties, press of other business, [or] scheduling conflicts (especially when more than one attorney has entered an appearance for a party) . . . ." MSK Civil Practice Standards § II.G.

Plaintiffs' argument that many of the witnesses identified in the Fourth Supplemental Disclosures were pulled from Defendant's own documents, thus arguably Defendant had fair notice of the witnesses, is not compelling. This assertion would require the Court to attribute an uncanny level of prescience to Defendant. The Court agrees with Defendant that knowledge of the existence of a person is distinctly different from knowledge that the person will be relied on as a fact witness. *See Gallegos v. Swift & Co.*, No. 04-cv-01295-LTB-CBS, 2007 WL 214416, at *3 (D. Colo. Jan. 25, 2007) (rejecting plaintiff's argument that defendant was on notice of certain witnesses identified in an untimely disclosure because the names of the witnesses were obtained from defendant's own document production). Plaintiffs had the documents from which these witnesses were identified as late as August 2010, but did not disclose the names of these fact witnesses until November 2011. The Court finds that the delay in disclosure, in the context of the age of this case, the significant number of witnesses disclosed, and the minimal information provided regarding each witness, violates Rule 26(e).

**B. Sanctions Pursuant to Rule 37(c)(1)**

Pursuant to Fed. R. Civ. P. 37(c)(1), if a party fails to comply with its continuing disclosure obligations pursuant to Rule 26(e), the party should not be "allowed to use [the violative] information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the

district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999). The Tenth Circuit identified four factors for consideration in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc.*, 170 F.3d at 993. The Court addresses each in turn.

### 1. *Prejudice to Defendant*

Defendant correctly points out that Plaintiffs had the benefit of insight into Defendant's defense strategy in late 2009, as Defendant filed motions for summary judgment [## 333, 350, 356, 358] which were later denied without prejudice on August 24, 2010 [#425], and to which Plaintiffs never responded. Despite this insight, Plaintiffs waited to submit their Fourth Supplemental Disclosures until Defendant's renewed motion for summary judgment regarding the single remaining *Monell* claim had been filed and pending for nearly two months. Due to the timing of the Fourth Supplemental Disclosures, Defendant has not had the opportunity to investigate the evidence related to the witnesses who are listed in the Fourth Supplemental Disclosures and relied on by Plaintiffs in their voluminous response to the motion for summary judgment. *See* [#486] at 3 (identifying *Resp.* [## 454, 454-1, 454-2] at 50-52, 54-61, 65, 70, 75, 82, 86, 87, 88-90, 91, 93, 94, 113, 115, 116, 117, 119, 131-134 (page numbers refer to pagination in document, not pagination generated by ECF)). Defendant has not yet filed a reply in support of its motion for summary judgment.

"A key policy goal of requiring parties to keep their disclosures current is 'to avoid trial by ambush.'" *Gallegos*, 2007 WL 214416, at *2 (citing *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003)). Here, Plaintiffs' timing of the submission of the Fourth Supplemental

Disclosures during the pendency of a motion for summary judgment, and subsequent significant reliance on evidence drawn from the witnesses identified in the Fourth Supplemental Disclosures in their response to the motion for summary judgment, is akin to trial by ambush, only on paper.  While Plaintiffs are "not required to marshal all of [Defendant's] evidence, Rule 26(a)(1) [and, subsequently, 26(e)] disclosures must be sufficiently detailed to allow [Defendant] to make intelligent decisions regarding how [it] will efficiently use the limited number of depositions permitted under the Rule 16 scheduling order."  *Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004) (citation omitted).  *See also D.L. v. Unified School Dist. No. 497*, 270 F. Supp. 2d 1217, 1241 (D. Kan. 2002), *vacated on other grounds by D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223 (10th Cir. 2004) ("Plaintiffs' failure to make the required disclosures . . . undermined defendants' ability to conduct discovery as related to the[ ] witnesses," and was thus prejudicial).  Defendant simply did not get a chance to determine how to utilize its allotted discovery regarding the witnesses identified in the Fourth Supplemental Disclosures, due to the delay of over one year in Plaintiffs' issuance of the Disclosures.

Moreover, "delay and mounting attorneys fees can equate to prejudice."  *Sender*, 225 F.R.D. at 656 (citing *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)).  Allowing the Fourth Supplemental Disclosures to stand would necessitate the re-opening of discovery, in order to permit Defendant to prepare a defense to the recently disclosed witness evidence.  As such, the Court finds that the first factor weighs in favor of excluding the disclosures, because Defendant is indeed prejudiced, in terms of time, money, and effort, by the delayed issuance of Plaintiffs' Fourth Supplemental Disclosures.

### 2. & 3.      *Ability to Cure the Prejudice and Potential Trial Disruption*

No trial date is set in this matter, nor has the District Judge entered a Final Pretrial

Order.  However, like the conclusion in *Sender*, this Court believes that "[t]o suggest that sanctions are not appropriate simply because the trial court can provide a further extension of time or delay the trial would effectively reward [Plaintiffs'] non-compliance." *Sender*, 225 F.R.D. at 657.

Furthermore, the Court cannot ignore the obvious disruption to the briefing on Defendant's motion for summary judgment.  This aging matter has required significant judicial resources, and rewarding Plaintiffs' delayed disclosures with the re-opening of discovery and prolonged adjudication of the single remaining dispositive motion would be an insult to the spirit of Fed. R. Civ. P. 1, which requires the construction of the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."  The Court finds that although it might cure the prejudice endured by Defendant, doing so under these circumstances is unreasonable and unwarranted.  The Court additionally concludes that, although no trial is set, the disruption to the adjudication of the pending motion for summary judgment is sufficiently meaningful that these two factors weigh in favor of excluding the Fourth Supplemental Disclosures.

### 4.   *Plaintiffs' Bad Faith*

As explained above, Plaintiffs assert that the majority of the 108 witnesses listed in the Fourth Supplemental Disclosures were revealed in Defendant's documents produced by August 2010.  Again, this flawed argument does not meet Plaintiffs' burden to justify the late submission of the Fourth Supplemental Disclosures.  *See Gallegos*, 2007 WL 214416, at *3 (plaintiff, as non-movant, bore burden to justify untimely and otherwise deficient disclosures).  Further, also as explained above, the press of business does not constitute good cause for the delay.  The Court is left to conclude that Plaintiffs acted willfully in delaying submission of their Fourth Supplemental Disclosures, and this final factor favors

7

the imposition of sanctions pursuant to Rule 37(c)(1).

**C.    Documents**

Regarding the documents listed in the Fourth Supplemental Disclosures, Plaintiffs state that PLF00001-20 include four affidavits relating to persons whose identities were disclosed in 2009. [#483] at 13. However, Defendant explains that the affidavits were actually executed by March 2010, but not disclosed until November 2011. [#486] at 6. Consistent with the conclusions explained above, the Court finds that this disclosure is untimely in light of the delay of over one year, and the previous identification of the individuals does not cure the tardiness of the affidavits. As to DDS00001-47, Plaintiffs explain that these documents are public records obtained from Denver's website. [#483] at 14. The Court may take judicial notice of public records, thus the Court sees no need to affirmatively exclude them as untimely.

In sum, the Court finds that in large part,[1] the Fourth Supplemental Disclosures are untimely and in violation of Rule 26(e), and the delayed disclosure is not substantially justified or harmless.

### III. Conclusion

IT IS HEREBY **ORDERED** that Defendant Denver's Motion to Strike Witnesses and Documents Pursuant to Fed.R.Civ.P. 37(c)(1) [#451] is **GRANTED IN PART** as follows. Plaintiffs are prohibited from utilizing the witnesses or documents identified in the Fourth Supplemental Disclosures issued on November 8, 2011 [#447], other than witnesses Gerald Whitman, Richard Rosenthal, and Ruth Tafoya, and matters of public record, on a motion, at a hearing, or at trial.

---

[1] Defendant withdrew its objection to witnesses Gerald Whitman, Richard Rosenthal, and Ruth Tafoya. [#486] at 7.

9

Dated: February 8, 2012

BY THE COURT:

*Kristen L. Mix* (signature)

Kristen L. Mix
United States Magistrate Judge